UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

NATHANIEL COLES,

                     Defendant.

**ORDER**

19 Cr. 789 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

On February 7, 2023, the Government filed a motion for compassionate release as to Defendant Nathaniel Coles pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Mot. (Dkt. No. 937)) For the reasons stated below, the motion will be granted.

## BACKGROUND

### I. CHARGES, PLEA, AND SENTENCE

On November 6, 2019, Coles was charged with conspiracy to violate the Travel Act in violation of 18 U.S.C. §§ 371 and 1952; wrongful disclosure of individually identifiable healthcare information in violation of 42 U.S.C. §§ 1320d-6(a)(1)-3, (b)(3) and 18 U.S.C. § 2; and payments of bribes and gratuities to an agent of a federally funded organization in violation of 18 U.S.C. §§ 666(a)(2) and 2. The Government alleged that Coles committed these offenses in connection with his participation in a bribery and kickback scheme involving a ring of conspirators who procured information regarding motor vehicle accident victims and then steered those victims to corrupt medical clinics and law firms in exchange for kickbacks. (Indictment (Dkt. No. 1))

Coles "was a manager or supervisor of [this] criminal activity." (Dec. 9, 2021 Sent. Tr. (Dkt. No. 661) at 22) He "was active in the scheme for approximately 11 years and

was one of its principal beneficiaries. He recruited and then paid monthly bribes of thousands of dollars to corrupt hospital employees who provided him with the names and contact information of hundreds of motor vehicle accident victims each month." (Id.) After receiving this information, "Coles then arranged for Codefendant Anthony Rose and other coconspirators to contact the victim and steer them to certain medical clinics and law firms who would pay kickbacks of $1,500 or $2,000 per referral to Coles." (Id.) Coles also received payments from several of the medical clinics to which he referred car crash victims. "Over the years, Mr. Coles realized millions from his illegal schemes." (Id. at 22-23)

On June 28, 2021, Coles pleaded guilty to conspiracy to violate the Travel Act. (June 28, 2021 Tr. (Dkt. No. 620))

At the December 9, 2021 sentencing, this Court noted that while Coles – then 68 – suffered from diabetes, he was otherwise in good health. (Dec. 9, 2021 Tr. (Dkt. No. 661) at 24; see also PSR (Dkt. No. 520) ¶ 145 ("[Coles] otherwise reported to be in overall good physical health and has never been hospitalized.")) This Court went on to sentence Coles to five years' imprisonment and three years' supervised release. (Dec. 9, 2021 Tr. (Dkt. No. 661) at 25)

Coles was ordered to surrender to Bureau of Prisons ("BOP") custody on February 9, 2022. (Jan. 7, 2022 Order (Dkt. No. 677)) He has thus served approximately one year of his five-year sentence.

## II.  MOTION FOR COMPASSIONATE RELEASE

In a February 7, 2023 motion, the Government asks this Court to grant Coles compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Mot. (Dkt. No. 937)) The Government explains that "[o]n January 9, 2023, the BOP contacted [the Government] to request

2

consideration for a reduction of sentence to time served for Nathaniel Coles, based on his terminal medical condition":

> BOP reports that Coles' health significantly deteriorated over the past few months. Coles, who will turn 70 next week, was sent to the hospital on November 9, 2022, due to complaints of shortness of breath, cough, and bilateral leg swelling. He has remained hospitalized since that time. Coles was initially noted to be in acute renal failure with indications of congestive heart failure. Coles was then diagnosed with Amyloid Cardiomyopathy, and began chemotherapy on December 20, 2022. On December 31, 2022, Coles went into cardiac arrest and recovered after six minutes of cardiopulmonary resuscitation. He was also intubated, but was able to be extubated on January 1, 2023. Coles recently underwent a procedure on January 18, 2023, for placement of an automatic implantable cardioverter defibrillator. BOP further reported to [the Government] that according to treatment providers, Coles' prognosis is extremely poor, with a life expectancy of five to six months and a 100 percent mortality rate within one year. Because he is considered terminally ill with a poor prognosis, a life expectancy of less than 18 months, and an end-of-life trajectory, BOP has determined that Coles meets BOP's medical criteria for consideration for a reduction in sentence. BOP Director Colette Peters has approved this request for a reduction in sentence to time served, as has [the Government]. If Coles is released, he plans to live with his daughter, Latisha Coles, at her home in Charlotte, North Carolina, where he expects to receive end-of-life care. This release plan has been approved by the United States Probation Office for the Western District of North Carolina.

(Id. at 2-3 (formatting altered))

The Government contends that "Coles' terminal medical condition constitutes [an] 'extraordinary and compelling reason[]' warranting the requested reduction in sentence [to time served]." The Government further contends that, after Coles' release from prison, "he should begin immediately serving the three-year term of supervised release previously imposed by the Court." (Id. at 3)

# DISCUSSION

## I. LEGAL STANDARD

The compassionate release statute – 18 U.S.C. § 3582(c)(1)(A) – provides that a court may

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant . . . reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction. . . .

18 U.S.C. § 3582(c)(1)(A).

## II. ANALYSIS

### A. "Extraordinary and Compelling Reasons"

Congress tasked the Sentencing Commission with providing guidance to courts regarding the application of the compassionate release statute. See 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."); see also United States v. Ebbers, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020). The Commission's policy statement and commentary concerning § 3582(c)(1)(A) are found in U.S. Sentencing Guideline § 1B1.13, which states that a court may reduce a sentence for "[e]xtraordinary and compelling reasons," including where the defendant is "suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A)(i).

The Government argues that Coles' diagnosis of amyloid cardiomyopathy constitutes an "'extraordinary and compelling reason' warranting the requested reduction in sentence." (Mot. (Dkt. No. 937) at 3 (quotation marks for emphasis in original))

Amyloid cardiomyopathy is a "rare cardiac condition characterized by deposits of amyloid protein in the heart muscle, causing the heart to stiffen and thereby limiting its ability to pump blood to the body. [Amyloid cardiomyopathy] patients experience a progressive decline in function, beginning with fatigue and shortness of breath and ending with potential heart failure, inability to perform even the most basic daily activities, and eventually death. Without treatment, patients have a median life expectancy of two to three-and-a-half years after diagnosis. An estimated 100,000 to 150,000 Americans, most of whom are elderly, suffer from the condition." Pfizer, Inc v. United States Dep't of Health & Hum. Servs., 42 F.4th 67, 70 (2d Cir. 2022) (quotations omitted).

Here, the Government represents that Coles' prognosis is "extremely poor, with a life expectancy of five to six months, and a 100 percent mortality rate within one year." (Mot. (Dkt. No. 937) at 2). As noted above, Coles is now 70 years old. He has been hospitalized for the past three months. He has suffered cardiac arrest, and six minutes of CPR were required to resuscitate him. An automatic defibrillator has been implanted in his heart. Coles' heart condition is regarded as terminal. (Id.)

This Court concludes that Coles' amyloid cardiomyopathy condition constitutes an "extraordinary and compelling reason[]" for purposes of the compassionate release statute. See United States v. Kelley, 464 F. Supp. 3d 1134, 1135, 1137 (N.D. Cal. 2020) (finding extraordinary and compelling reasons where defendant suffered from terminal prostate cancer with two-year life expectancy); United States v. Winckler, Criminal Action No. 13-318, 2020

WL 1666652, at *2 (W.D. Pa. Apr. 3, 2020) (finding extraordinary and compelling circumstances where defendant was diagnosed with "stage-four metastatic thyroid cancer" and had life expectancy of less than twelve months); United States v. Wong Chi Fai, 93-CR-1340 (RJD), 2019 WL 3428504, at *1, *3 (E.D.N.Y. July 30, 2019) (finding extraordinary and compelling circumstances where defendant suffered from "metastatic papillary thyroid cancer" with twelve-month life expectancy).

    **B.**    **Section 3553(a) Factors**

As to the Section 3553(a) factors, Coles' offense is serious.  He was a manager and supervisor of a massive, multi-year-long scheme to commit bribery and unlawfully obtain information about motor vehicle accident victims from hospitals and law enforcement.  He personally profited from this scheme to the tune of millions of dollars.

As to Coles' personal history and characteristics, he had a stable upbringing.  (See PSR (Dkt. No. 520) ¶ 130)  He has been married four times and has four children.  (Id. ¶¶ 131-32, 136)  He has a GED and an associate's degree and worked as a computer technician for many years before becoming a medical clinic manager, including at one of the medical clinics involved in the charged scheme.  (Id. ¶¶ 165-69).  He has a history of drug abuse.  (Id. ¶ 149-55)  Before his instant conviction, he had a 1969 conviction for petit larceny, a 1977 conviction for attempted criminal possession of a controlled substance, and a 1977 federal conviction for bank robbery in the Eastern District of New York, for which he received a sentence of four years' imprisonment.  (Id. ¶ 113-18)

This Court finds, however, that given Coles' terminal illness, his short life expectancy, and the conditions of his supervised release, his release does not pose a danger to the community.  See United States v. Perez Alvarado, Case Nos. 16-cr-00940-BAS, 16-cr-02770-

BAS, 17-cr-07017-BAS, 2020 WL 5203386, at *2-3 (S.D. Cal. Sept. 1, 2020) (granting compassionate release where defendant was diagnosed with stage four colon cancer, which was "likely to be a terminal diagnosis," and which made recidivism "unlikely") (quotation omitted); Winckler, 2020 WL 1666652, at *2-3 (finding that defendant's "age, cancer diagnosis and deteriorating physical condition make it unlikely that Defendant will reoffend" where defendant was 59 years old, had stage four thyroid cancer, and had a life expectancy of less than a year).

Finally, Coles has served a year in prison. Given his terminal diagnosis and deteriorating medical condition, further imprisonment is not necessary to serve the goals of deterrence and promoting respect for the law. See United States v. Karr, No. 6:17-CR-25-REW, 2020 WL 774363, at *5–6 (E.D. Ky. Feb. 18, 2020) (granting compassionate release where defendant had served two years of 108-month sentence, was diagnosed with stage four lung cancer, and had a life expectancy of less than twelve months; finding that there is "no material risk of future criminality in a reduction based on a post-crime, terminal diagnosis").

Finally, Coles' offense – conspiracy to violate the Travel Act – did not involve violence or a risk of violence.

The Court concludes that Coles' amyloid cardiomyopathy and short life expectancy constitute "extraordinary and compelling reasons" that warrant his release, and that these circumstances are not outweighed by the Section 3553(a) factors.

## CONCLUSION

The Government's motion for Defendant Coles' compassionate release (Dkt. No. 937) is granted, and he is ordered released pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The terms and conditions of Coles' supervised release set forth in the December 14, 2021 Judgment (Dkt. No. 637) are re-imposed, with the following amendment:

The standard condition of supervised release that requires employment (Dkt. No. 637 at 4, clause 7) is suspended.

Dated: New York, New York
February 9, 2023

SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge